436 July 8, 2026 No. 660

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN ALEXANDER McCALLUM,
aka Kevin Mc Callum, aka Kevin Alexander R. Mc Callum,
aka Kevin McCallum, aka Kevin Alexander R. McCallum,
aka Kevin Alexander Robert McCallum,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR16334; A186039

Rima I. Ghandour, Judge.

Submitted June 18, 2026.

Rankin Johnson and Rankin Johnson Law, LLC, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for first-degree burglary and first-degree theft stemming from his late-night entry into a neighbor's garage. In his sole assignment of error, defendant argues that the trial court erred by denying his motion for a judgment of acquittal (MJOA) on the burglary count. Defendant argues that the evidence was legally insufficient to prove the trespass element of that crime. Reviewing the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt," *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995), we affirm.

A person commits the crime of burglary, as charged here, when a person "enters or remains unlawfully in a building with intent to commit a crime therein," ORS 164.215(1), and that the building is a "dwelling," ORS 164.225(1). A person "enters or remains unlawfully" if the person enters or remains in a building "when the person is not otherwise licensed or privileged to do so." *State v. Endicott*, 296 Or App 644, 652-53, 439 P3d 510, *rev den*, 364 Or 557 (2019) (quoting ORS 164.215(1)). Defendant contends that the evidence was legally insufficient to prove that element because only one of the two homeowners testified that he did not have permission to enter their garage. He points to his closer friendship with the other homeowner and his permission to enter the garage at other times, and argues that, without the second homeowner's testimony, the state failed to prove that defendant was trespassing. However, the state presented testimony from the resident of the home denying that defendant had permission to enter the garage when he did. That evidence was sufficient to permit the factfinder to conclude that defendant was not "otherwise licensed or privileged" to enter the garage. Accordingly, the trial court did not err in denying defendant's MJOA.

Affirmed.